**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* HIGHGATE HOTELS, L.P., a Delaware limited partnership, doing business as "The Westin Long Beach"; HCI 333 EAST OCEAN OWNER LP, a Delaware limited partnership; HCI 333 EAST OCEAN OWNER GP LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JESUS OROZCO, an individual and on behalf of all others similarly situated,

Electronically FILED by Superior Court of California, County of Los Angeles 7/20/2023 2:00 PM David W. Slayton, Executive Officer/Clerk of Court, By J. Nunez, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: Los Angeles Superior Court *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br><br>111 N. Hill Street, Los Angeles, California 90012 | CASE NUMBER: *(Número del Caso):*<br><br>23STCV17104 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
J. Gill Law Group, P.C., Jasmin K. Gill, 515 South Flower Street, Suite 1800, Los Angeles, California 90071 (213) 459-6023

| DATE: *(Fecha)* 07/20/2023 | Clerk, by David W. Slayton, Executive Officer/Clerk of Court, Deputy *(Secretario)* J. Nunez *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* HIGHGATE HOTELS, L.P., A DELAWARE LIMITED PARTNERSHIP, DOING BUSINESS AS "THE WESTIN LONG BEACH"

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date):* _____

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

**EXHIBIT A**

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| J. GILL LAW GROUP, P.C.<br>Jasmin K. Gill, Esq. (State Bar No. 315090)<br>515 South Flower Street, Suite 1800<br>Los Angeles, California 90071<br>TELEPHONE NO.:(213) 459-6023    FAX NO. *(Optional):*(310) 728-2137<br>E-MAIL ADDRESS:jasmin@jkgilllaw.com<br>ATTORNEY FOR *(Name):*Plaintiff Jesus Orozco | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>7/20/2023 2:00 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Nunez, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS:111 North Hill Street
MAILING ADDRESS:111 North Hill Street
CITY AND ZIP CODE:Los Angeles, 90012
BRANCH NAME:Central District - Stanley Mosk Courhouse

CASE NAME:
Orozco v. Highgate Hotels, L.P., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 23STCV17104<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [x] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Eleven (11)
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 20, 2023

Jasmin K. Gill ▶ /s/ Jasmin K. Gill
_____    _____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 (Rev. September 1, 2021) | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

EXHIBIT

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22) Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal  Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**EXHIBIT A**

| SHORT TITLE | CASE NUMBER |
|---|---|
| OROZCO v. HIGHGATE HOTELS, L.P., et al. | 23STCV17104 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Courthouse Location (Column C)

| | | | |
|---|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. | Location where petitioner lives. |
| 2. | Permissive filing in Central District. | 8. | Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. | Location where one or more of the parties reside. |
| 4. | Mandatory personal injury filing in North District. | 10. | Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. | Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury). |
| 6. | Location of property or permanently garaged vehicle. | | |

| A<br>Civil Case Cover Sheet<br>Case Type | | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Personal Injury Cases Assigned to the Personal Injury Hub Courts** | | | |
| Auto Tort | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4, 11 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4, 11 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | | ☐ 2307 Construction Accidents | 1, 4, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

**EXHIBIT A**

| SHORT TITLE | CASE NUMBER |
|---|---|
| OROZCO v. HIGHGATE HOTELS, L.P., et al. | |

| | A Civil Case Cover Sheet Case Type | B Type of Action (check only one) | C Applicable Reasons (See Step 3 above) |
|---|---|---|---|
| **Personal Injury Cases Assigned to the Independent Calendar Courts** | | | |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 3, 5 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 3, 5 |
| | | ☐ 4502 Other Professional Health Case Malpractice | 1, 3, 5 |
| | Other Personal Injury / Property Damage / Wrongful Death (23) | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 3, 5 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 3, 5 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 3, 5 |
| **Other Civil Cases Assigned to Independent Calendar Courts** | | | |
| **Non-Personal Injury/Property Damage /Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ 1501 Other Employment Complaint Case | ☐1☐2 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |

LASC CIV 109 Rev. 05/22
For Mandatory Use

### CIVIL CASE COVER SHEET ADDENDUM
### AND STATEMENT OF LOCATION

LASC Local Rule 2.3

**EXHIBIT A**

| SHORT TITLE | CASE NUMBER |
|---|---|
| OROZCO v. HIGHGATE HOTELS, L.P., et al. | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Contract** | Breach of Contract/<br>Warranty (06)<br>(not insurance) | ☐ 0604 Other Breach of Contract/Warranty (no fraud/<br>negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental<br>Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off<br>consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/<br>negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse<br>Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain,<br>landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer –<br>Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or<br>wrongful eviction) | 6, 11 |
| | Unlawful Detainer –<br>Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or<br>wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post<br>Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer –<br>Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration<br>(11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |

**EXHIBIT A**

| SHORT TITLE | CASE NUMBER |
|---|---|
| OROZCO v. HIGHGATE HOTELS, L.P., et al. | |

| | **A**<br>**Civil Case Cover Sheet**<br>**Case Type** | **B**<br>**Type of Action**<br>**(check only one)** | **C**<br>**Applicable Reasons**<br>**(See Step 3 above)** |
|---|---|---|---|
| **Judicial Review** | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |
| | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2003 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ 4304 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |

LASC CIV 109 Rev. 05/22
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

**EXHIBIT A**

| SHORT TITLE | CASE NUMBER |
|---|---|
| OROZCO v. HIGHGATE HOTELS, L.P., et al. | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Miscellaneous Civil Petitions** | Other Petitions<br>(not specified above) (43) | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☑ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | |
| CITY:     STATE:     ZIP CODE: | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____Central_____ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _July 20, 2023_        _/s/ Jasmin K. Gill_
                                         (SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (05/22).

5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.

6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 05/22
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

**EXHIBIT A**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**07/20/2023**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Nunez _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>23STCV17104 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Maren Nelson | 17 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 07/21/2023
　(Date)

David W. Slayton, Executive Officer / Clerk of Court

By J. Nunez _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**EXHIBIT A**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

**EXHIBIT A**

**J. GILL LAW GROUP, P.C.**
Jasmin K. Gill (SBN 315090)
Sacha Pomares (SBN 337642)
515 South Flower Street, Suite 1800
Los Angeles, California 90071
Tel: (213) 459-6023; Fax: (310) 728-2137

**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (SBN 287811)
Jeffrey D. Klein (SBN 297296)
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, JESUS OROZCO, an individual and
on behalf of all others similarly situated,

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/20/2023 2:00 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JESUS OROZCO, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HIGHGATE HOTELS, L.P., a Delaware limited partnership, doing business as "The Westin Long Beach"; HCI 333 EAST OCEAN OWNER LP, a Delaware limited partnership; HCI 333 EAST OCEAN OWNER GP LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 23STCV17104<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. FAILURE TO PAY OVERTIME WAGES;<br>2. FAILURE TO PAY MINIMUM WAGES;<br>3. FAILURE TO PROVIDE MEAL PERIODS;<br>4. FAILURE TO PROVIDE REST PERIODS;<br>5. WAITING TIME PENALTIES;<br>6. WAGE STATEMENT VIOLATIONS;<br>7. FAILURE TO TIMELY PAY WAGES;<br>8. FAILURE TO INDEMNIFY;<br>9. FAILURE TO PAY INTEREST ON DEPOSITS;<br>10. VIOLATION OF LABOR CODE § 227.3<br>11. UNFAIR COMPETITION.<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Amount in Controversy Exceeds $25,000.00] |

CLASS ACTION COMPLAINT

**EXHIBIT A**

Plaintiff JESUS OROZCO ("Plaintiff"), on behalf of Plaintiff and all others similarly situated, alleges as follows:

## GENERAL ALLEGATIONS

## INTRODUCTION

1.        This is a Class Action, pursuant to Code of Civil Procedure section 382, against HIGHGATE HOTELS, L.P., doing business as "The Westin Long Beach" ("HIGHGATE"), HCI 333 EAST OCEAN OWNER LP ("HCI LP"), HCI 333 EAST OCEAN OWNER GP LLC ("HCI LLC"), and any of their respective subsidiaries or affiliated companies within the State of California (collectively, "HIGHGATE" and with DOES 1 through 100, as further defined below, "Defendants") on behalf of Plaintiff and all other current and former non-exempt California employees employed by or formerly employed by Defendants ("Class Members").

## PARTIES

### A.    Plaintiff

2.        Plaintiff Jesus Orozco is a resident of the State of California.  At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to, cooking. Plaintiff is informed and believes, and based thereon alleges, that Plaintiff Jesus Orozco worked for Defendants from approximately August of 2019 through approximately July of 2022.

### B.    Defendants

3.        Plaintiff is informed and believes and based thereon alleges that defendant HIGHGATE is, and at all times relevant hereto was, a Limited Partnership organized and existing under and by virtue of the laws of the State of Delaware and doing business in, among other places, the County of Los Angeles, State of California with partners and owners domiciled in and citizens of the County of Los Angeles, State of California, which is where all of Plaintiff's causes of action arose. At all relevant times herein, defendant HIGHGATE employed Plaintiff and other similarly situated employees within the State of California.

4.        Plaintiff is informed and believes and based thereon alleges that defendant HCI LP is, and at all times relevant hereto was, a Limited Partnership organized and existing under and by

2

**EXHIBIT A**

virtue of the laws of the State of Delaware and doing business in, among other places, the County of Los Angeles, State of California with partners and owners domiciled in and citizens of the County of Los Angeles, State of California, which is where all of Plaintiff's causes of action arose. At all relevant times herein, defendant HCI LP employed Plaintiff and other similarly situated employees within the State of California.

5.    Plaintiff is informed and believes and based thereon alleges that defendant HCI LLC is, and at all times relevant hereto was, a limited liability company organized and existing under and by virtue of the laws of the State of Delaware and doing business in, among other places, the County of Los Angeles, State of California with members and managers domiciled in and citizens of the County of Los Angeles, State of California, which is where all of Plaintiff's causes of action arose. At all relevant times herein, defendant HCI LLC employed Plaintiff and other similarly situated employees within the State of California.

6.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include HIGHGATE, HCI LP, HCI LLC, and any of their parent, subsidiary, or affiliated companies within the State of California, as well as DOES 1 through 100 identified herein.

**JOINT LIABILITY ALLEGATIONS**

7.    Plaintiff is informed and believes and based thereon alleges that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer,

3

EXHIBIT A

representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

8.      All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

9.      Plaintiff is informed and believes, and based thereon allege, that there exists such a unity of interest and ownership between Defendants, and each of them, that their individuality and separateness have ceased to exist.

10.      Plaintiff is informed and believes, and based thereon alleges that despite the formation of the purported corporate existence of HIGHGATE, HCI LP, HCI LLC and DOES 1 through 50, inclusive (the "Alter Ego Defendants"), they, and each of them, are one and the same with Individual and DOES 51 through 100 ("Individual Defendants"), and each of them, due to, but not limited to, the following reasons:

     A.      The Alter Ego Defendants are completely dominated and controlled by the Individual Defendants who personally committed the wrongful and illegal acts and violated the laws as set forth in this Complaint, and who has hidden and currently hide behind the Alter Ego Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose;

     B.      The Individual Defendants derive actual and significant monetary benefits by and through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego Defendants as the funding source for the Individual Defendants' own personal

<div align="center">4</div>

<div align="right">**EXHIBIT A**</div>

1    expenditures;

2    C.    Plaintiff is informed and believes and thereon alleges that the Individual Defendants

3    and the Alter Ego Defendants, while really one and the same, were segregated to

4    appear as though separate and distinct for purposes of perpetrating a fraud,

5    circumventing a statute, or accomplishing some other wrongful or inequitable

6    purpose;

7    D.    Plaintiff is informed and believes and thereon alleges that the business affairs of the

8    Individual Defendants and the Alter Ego Defendants are, and at all relevant times

9    mentioned herein were, so mixed and intermingled that the same cannot reasonably

10    be segregated, and the same are inextricable confusion. The Alter Ego Defendants

11    are, and at all relevant times mentioned herein were, used by the Individual

12    Defendants as mere shells and conduits for the conduct of certain of their, and each

13    of their affairs. The Alter Ego Defendants are, and at all relevant times mentioned

14    herein were, the alter egos of the Individual Defendants;

15    E.    The recognition of the separate existence of the Individual Defendants and the Alter

16    Ego Defendants would promote injustice insofar that it would permit defendants to

17    insulate themselves from liability to Plaintiff for violations of the Civil Code, Labor

18    Code, and other statutory violations. The corporate existence of these defendants

19    should thus be disregarded in equity and for the ends of justice because such

20    disregard is necessary to avoid fraud and injustice to Plaintiff herein;

21    F.    Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual

22    Defendants (and vice versa), and the fiction of their separate corporate existence

23    must be disregarded;

24    11.    As a result of the aforementioned facts, Plaintiff is informed and believes, and based

25    thereon alleges that Defendants, and each of them, are joint employers.

26    **JURISDICTION**

27    12.    Jurisdiction exists in the Superior Court of the State of California pursuant to Code

28    of Civil Procedure section 410.10.

5

CLASS ACTION COMPLAINT

**EXHIBIT A**

13.     Venue is proper in Los Angeles County, California pursuant to Code of Civil Procedure sections 392, et seq. because, among other things, Los Angeles County is where the causes of action complained of herein arose; the county in which the employment relationship began; the county in which performance of the employment contract, or part of it, between Plaintiff and Defendants was due to be performed; the county in which the employment contract, or part of it, between Plaintiff and Defendants was actually performed; and the county in which Defendants, or some of them, reside. Moreover, the unlawful acts alleged herein have a direct effect on Plaintiff and Class Members in Los Angeles County, and because Defendants employ numerous Class Members in Los Angeles County.

## FACTUAL BACKGROUND

14.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven consecutive work days in a work week without being properly compensated for hours worked in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours worked on the seventh consecutive work day in a work week by, among other things, failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring Plaintiff and Class Members: to come early to work and leave late work without being able to clock in for all that time, to suffer under Defendants' control due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift tasks after clocking out, to clock out for meal periods and continue working, to clock out for rest periods, to don and doff uniforms and/or safety equipment off the clock, to attend company meetings and trainings off the clock, to make phone calls off the clock, to go through security screenings and/or temperature checks off the clock; failing to include all forms of remuneration, including non-discretionary bonuses, incentive pay, meal allowances, mask allowances, gift cards and other forms of remuneration into the regular rate of pay for the pay periods where overtime was worked and the additional compensation was earned

EXHIBIT A

1  for the purpose of calculating the overtime rate of pay; by using tips as a "credit" towards

2  Defendants' obligation to pay wages in violation of Labor Code section 351; failing to pay overtime

3  wages insofar as Defendants' policy and practice of requiring Plaintiff and Class Members to pay

4  for their own parking costs at work by deducting the cost of parking from their paychecks, reduced

5  the total overtime wage amounts paid to below the required overtime wage rate per overtime hour

6  worked; detrimental rounding of employee time entries, editing and/or manipulation of time entries

7  to the detriment of Plaintiff and Class Members.

8      15.      For at least four (4) years prior to the filing of this Action and continuing to the

9  present, Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members,

10  or some of them, in violation of California state wage and hour laws as a result of, among other

11  things, at times, failing to accurately track and/or pay for all hours actually worked at their regular

12  rate of pay that is above the minimum wage; engaging, suffering, or permitting employees to work

13  off the clock, including, without limitation, by requiring Plaintiff and Class Members: to come early

14  to work and leave late work without being able to clock in for all that time, to suffer under

15  Defendants' control due to long lines for clocking in, to complete pre-shift tasks before clocking in

16  and post-shift tasks after clocking out, to clock out for meal periods and continue working, to clock

17  out for rest periods, to don and doff uniforms and/or safety equipment off the clock, to attend

18  company meetings and trainings off the clock, to make phone calls off the clock; to go through

19  security screenings and/or temperature checks off the clock; by using tips as a "credit" towards

20  Defendants' obligation to pay minimum wages in violation of Labor Code section 351; failing to

21  pay minimum wages insofar as Defendants' policy and practice of requiring Plaintiff and Class

22  Members to pay for their own parking costs at work by deducting the cost of parking from their

23  paychecks, reduced the total wage amounts paid to below minimum wage per hour worked;

24  detrimental rounding of employee time entries; editing and/or manipulation of time entries to show

25  less hours than actually worked; failing to pay split shift premiums; and failing to pay reporting time

26  pay to the detriment of Plaintiff and Class Members.

27      16.      For at least four (4) years prior to the filing of this Action and continuing to the

28  present, Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them,

<div align="center">7</div>

EXHIBIT A

full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they worked in excess of ten (10) hours in a work day, including, without limitation: by not providing timely meal periods; providing short meal periods; requiring that employees carry cellular telephones or walkie-talkies during meal periods; not permitting employees to leave the premises; otherwise requiring on-duty/on-call meal periods; auto-deducting meal periods that could not be auto-deducted by law or during which employees worked; and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws.

17.    For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof in which Plaintiff and Class Members were completely relieved of all their duties, including, without limitation, by failing to provide rest periods all together; interrupting them; not providing them in a timely fashion; not permitting Plaintiff and Class Members to leave the premises; and otherwise requiring on-duty/on-call rest periods, and failed to provide compensation for such unprovided rest periods as required by California wage and hour laws.

18.    For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202, including for, without limitation, failing to pay overtime wages, minimum wages, premium wages, and vacation pay pursuant to Labor Code section 227.3.

19.    For at least one (1) year prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and other such information as required by Labor Code section 226, subdivision (a). As a result thereof, Defendants have further failed to furnish employees with an accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

EXHIBIT A

20.  For at least one (1) year prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages for labor performed in a timely fashion as required under Labor Code section 204.

21.  For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to indemnify Class Members, or some of them, for the costs incurred in purchasing and/or providing unreturned deposits for mandatory work uniforms and parking; parking costs in addition to parking deposits (*i.e.*, monthly parking fees were deducted from Class Members' paychecks); personal protective equipment; laundering mandatory work uniforms; using cellular phones for work-related purposes; and purchasing tools and equipment (e.g., *inter alia*, kitchen knives and cleaning supplies) necessary to perform work duties.

22.  For at least three (3) years prior to the filing of the action and continuing to the present, Defendants have, at times, failed to return interest on deposits made by Plaintiff and Class Members, or some of them, for uniforms and parking.

23.  For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with compensation at their final rate of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

24.  For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with the rights provided to them under the Healthy Workplace Heathy Families Act of 2014, codified at Labor Code section 245, *et seq.*

25.  Plaintiff, on their own behalf and on behalf of Class Members, brings this action pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 204, 226, 226.7, 227.3, 245, *et seq.*, 351, 404, 510, 512, 1194, 1194.2, 1197, 2802, and California Code of Regulations, Title 8, section 11040, seeking overtime wages, minimum wages, payment of premium wages for missed meal and rest periods, failure to pay timely wages, waiting time penalties, wage statement penalties, failure to indemnify work-related expenses, failure to pay interest on deposits

EXHIBIT A

1  made, failing to pay vested vacation time at the proper rate of pay, other such provisions of

2  California law, and reasonable attorneys' fees and costs.

3      26.      Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to

4  Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s)

5  prohibiting Defendants from further violating the Labor Code and requiring the establishment of

6  appropriate and effective means to prevent further violations, as well as all monies owed but

7  withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as

8  restitution of amounts owed.

9                          **CLASS ACTION ALLEGATIONS**

10     27.      Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action

11  pursuant to Code of Civil Procedure section 382.  Plaintiff seeks to represent a class of all current

12  and former non-exempt employees of Defendants within the State of California at any time

13  commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice

14  of the class action is provided to the class (collectively referred to as "Class Members").

15     28.      Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b)

16  to amend or modify the class description with greater specificity, further divide the defined class

17  into subclasses, and to further specify or limit the issues for which certification is sought.

18     29.      This action has been brought and may properly be maintained as a class action under

19  the provisions of Code of Civil Procedure section 382 because there is a well-defined community

20  of interest in the litigation and the proposed Class is easily ascertainable.

21     A.    **Numerosity**

22     30.      The potential Class Members as defined are so numerous that joinder of all the

23  members of the Class is impracticable. While the precise number of Class Members has not been

24  determined yet, Plaintiff is informed and believes that there are over one-hundred (100) Class

25  Members employed by Defendants within the State of California.

26     31.      Accounting for employee turnover during the relevant periods necessarily increases

27  this number. Plaintiff alleges Defendants' employment records would provide information as to the

28  number and location of all Class Members.  Joinder of all members of the proposed Class is not

                                    10

**EXHIBIT A**

1 | practicable.

2 | **B.** **Commonality**

3 | 32. There are questions of law and fact common to Class Members. These common

4 | questions include, but are not limited to:

5 |     A. Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours

6 |         worked at a proper overtime rate of pay?

7 |     B. Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay

8 |         for all other time worked at the employee's regular rate of pay and a rate of pay that

9 |         is greater than the applicable minimum wage?

10 |     C. Did Defendants violate Labor Code section 512 by not authorizing or permitting

11 |         Class Members to take compliant meal periods?

12 |     D. Did Defendants violate Labor Code section 226.7 by not providing Class Members

13 |         with additional wages for missed or interrupted meal periods?

14 |     E. Did Defendants violate applicable Wage Orders by not authorizing or permitting

15 |         Class Members to take compliant rest periods?

16 |     F. Did Defendants violate Labor Code section 226.7 by not providing Class Members

17 |         with additional wages for missed rest periods?

18 |     G. Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class

19 |         Members upon termination or resignation all wages earned?

20 |     H. Are Defendants liable to Class Members for waiting time penalties under Labor Code

21 |         section 203?

22 |     I. Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing

23 |         Class Members with accurate wage statements?

24 |     J. Did Defendants fail to pay Class Members in a timely fashion as required under

25 |         Labor Code section 204?

26 |     K. Did Defendants fail to indemnify Class Members for all necessary expenditures or

27 |         losses incurred in direct consequence of the discharge of their duties or by obedience

28 |         to the directions of Defendants as required under Labor Code section 2802?

**EXHIBIT A**

1   L. Did Defendants fail to return deposits made by Class Members with accrued interest

2    thereon as required under Labor Code section 404?

3   M. Did Defendants violate Labor Code section 227.3 by not providing Class Members

4    with compensation at their final rate of pay for vested paid vacation time.

5   N. Did Defendants violate the Unfair Competition Law, Business and Professions Code

6    section 17200, *et seq.*, by their unlawful practices as alleged herein?

7   O. Are Class Members entitled to restitution of wages under Business and Professions

8    Code section 17203?

9   P. Are Class Members entitled to costs and attorneys' fees?

10   Q. Are Class Members entitled to interest?

11  **C.** **Typicality**

12 33.  The claims of Plaintiff herein alleged are typical of those claims which could be

13 alleged by any Class Members, and the relief sought is typical of the relief which would be sought

14 by each Class Member in separate actions. Plaintiff and Class Members sustained injuries and

15 damages arising out of and caused by Defendants' common course of conduct in violation of laws

16 and regulations that have the force and effect of law and statutes as alleged herein.

17  **D.** **Adequacy of Representation**

18 34.  Plaintiff will fairly and adequately represent and protect the interest of Class

19 Members. Counsel who represents Plaintiff is competent and experienced in litigating wage and

20 hour class actions.

21  **E.** **Superiority of Class Action**

22 35.  A class action is superior to other available means for the fair and efficient

23 adjudication of this controversy. Individual joinder of all Class Members is not practicable, and

24 questions of law and fact common to Class Members predominate over any questions affecting only

25 individual Class Members. Class Members, as further described therein, have been damaged and

26 are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the

27 violation of the Labor Code at times, as set out herein.

28 ///

EXHIBIT A

36.     Class action treatment will allow Class Members to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wages – Against All Defendants)

37.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

38.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable Wage Orders.

39.     At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

40.     At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

41.     Four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a result of, including but not limited to, Defendants failing to accurately track and/or pay for all hours actually worked at the proper overtime rate; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring Plaintiff and Class Members: to come early to work and leave late work without being able to clock in for all that time, to suffer under

13

CLASS ACTION COMPLAINT

**EXHIBIT A**

1  Defendants' control due to long lines for clocking in, to complete pre-shift tasks before clocking in

2  and post-shift tasks after clocking out, to clock out for meal periods and continue working, to clock

3  out for rest periods, to don and doff uniforms and/or safety equipment off the clock, to attend

4  company meetings and trainings off the clock, to make phone calls off the clock, to go through

5  security screenings and/or temperature checks off the clock; failing to include all forms of

6  remuneration, including non-discretionary bonuses, incentive pay, meal allowances, mask

7  allowances, gift cards and other forms of remuneration into the regular rate of pay for the pay periods

8  where overtime was worked and the additional compensation was earned for the purpose of

9  calculating the overtime rate of pay; by using tips as a "credit" towards Defendants' obligation to

10  pay wages in violation of Labor Code section 351; failing to pay overtime wages insofar as

11  Defendants' policy and practice of requiring Plaintiff and Class Members to pay for their own

12  parking costs at work by deducting the cost of parking from their paychecks, reduced the total

13  overtime wage amounts paid to below the required overtime wage rate per overtime hour worked;

14  detrimental rounding of employee time entries, editing and/or manipulation of time entries to the

15  detriment of Plaintiff and Class Members.

16      42.      Accordingly, by requiring Plaintiff and Class Members to, at times, work greater

17  than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays

18  without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on

19  occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and

20  applicable IWC Wage Orders, and California law.

21      43.      As a result of the unlawful acts of Defendants, Plaintiff and Class Members have

22  been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery,

23  plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194

24  and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

25                          **SECOND CAUSE OF ACTION**

26              **(Failure to Pay Minimum Wages – Against All Defendants)**

27      44.      Plaintiff realleges and incorporates by reference all of the allegations contained in

28  the preceding paragraphs as though fully set forth hereat.

CLASS ACTION COMPLAINT

**EXHIBIT A**

45.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

46.     Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class Members were entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

47.     For four (4) years prior to the filing of the Complaint in this Action through the present, Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage; engaged, suffered, or permitted employees to work off the clock, including, without limitation, by requiring Plaintiff and Class Members: to come early to work and leave late work without being able to clock in for all that time, to suffer under Defendants' control due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift tasks after clocking out, to clock out for meal periods and continue working, to clock out for rest periods, to don and doff uniforms and/or safety equipment off the clock, to attend company meetings and trainings off the clock, to make phone calls off the clock; to go through security screenings and/or temperature checks off the clock; by using tips as a "credit" towards Defendants' obligation to pay minimum wages in violation of Labor Code section 351; failing to pay minimum wages insofar as Defendants' policy and practice of requiring Plaintiff and Class Members to pay for their own parking costs at work by deducting the cost of parking from their paychecks, reduced the total wage amounts paid to below minimum wage per hour worked; detrimental rounding of employee time entries; editing and/or manipulation of time entries to show less hours than actually worked; failing to pay split shift premiums; and failing to pay reporting time pay to the detriment of Plaintiff and Class Members.

48.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked or otherwise due.

49.     Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated

EXHIBIT A

1  damages, reasonable attorneys' fees and costs of suit.

2  ### THIRD CAUSE OF ACTION

3  ### (Failure to Provide Meal Periods – Against All Defendants)

4  50.     Plaintiff realleges and incorporates by reference all of the allegations contained in
5  the preceding paragraphs as though fully set forth hereat.

6  51.     At all relevant times, Plaintiff and Class Members were employees or former
7  employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

8  52.     Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall
9  employ an employee for a work period of more than five (5) hours without a timely meal break of
10  not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.
11  Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours
12  per day without providing the employee with a second timely meal period of not less than thirty (30)
13  minutes in which the employee is relieved of all of his or her duties.

14  53.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee
15  with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission,
16  the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate
17  of compensation for each workday that the meal period is not provided.

18  54.     For four (4) years prior to the filing of the Complaint in this Action through the
19  present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-
20  free uninterrupted meal periods every five hours of work without waiving the right to take them, as
21  permitted.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the
22  Class Member's regular rate of compensation on the occasions that Class Members were not
23  provided compliant meal periods.

24  55.     By their failure to provide Plaintiff and Class Members compliant meal periods as
25  contemplated by Labor Code section 512, among other California authorities, and failing, at times,
26  to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully
27  violated the provisions of Labor Code section 512 and applicable Wage Orders.

28  56.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

**EXHIBIT A**

1   suffered damages in an amount, subject to proof, to the extent they were not paid additional pay

2   owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

3       57.    Plaintiff and Class Members are entitled to recover the full amount of their unpaid

4   additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus

5   interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,

6   Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

7   <div align="center">**FOURTH CAUSE OF ACTION**</div>

8   <div align="center">**(Failure to Provide Rest Periods – Against All Defendants)**</div>

9       58.    Plaintiff realleges and incorporates by reference all of the allegations contained in

10  the preceding paragraphs as though fully set forth hereat.

11      59.    At all relevant times, Plaintiff and Class Members were employees or former

12  employees of Defendants covered by applicable Wage Orders.

13      60.    California law and applicable Wage Orders require that employers "authorize and

14  permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour

15  work period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-

16  half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who

17  work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes

18  of paid rest period, and employees who work shifts of more than ten (10) hours must be provided

19  thirty (30) minutes of paid rest period.

20      61.    Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

21  with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare

22  Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's

23  regular rate of compensation for each workday that the rest period is not provided.

24      62.    For four (4) years prior to the filing of the Complaint in this Action through the

25  present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete,

26  timely 10-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction

27  thereof. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class

28  Member's regular rate of compensation on the occasions that Class Members were not authorized

<div align="center">17</div>

<div align="right">**EXHIBIT A**</div>

1 | or permitted to take compliant rest periods.

2 | 63.    By their failure, at times, to authorize and permit Plaintiff and Class Members to take
3 | rest periods contemplated by California law, and one (1) additional hour of pay at the employee's
4 | regular rate of compensation for such unprovided rest periods, as alleged above, Defendants
5 | willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

6 | 64.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have
7 | suffered damages in an amount, subject to proof, to the extent they were not paid additional pay
8 | owed for rest periods that they were not authorized or permitted to take.

9 | 65.    Plaintiff and Class Members are entitled to recover the full amount of their unpaid
10 | additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus
11 | interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,
12 | Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

13 | <div align="center">**FIFTH CAUSE OF ACTION**</div>

14 | <div align="center">**(Failure to Pay All Wages Due Upon Termination – Against All Defendants)**</div>

15 | 66.    Plaintiff realleges and incorporates by reference all of the allegations contained in
16 | the preceding paragraphs as though fully set forth hereat.

17 | 67.    At all relevant times, Plaintiff and Class Members were employees or former
18 | employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable
19 | Wage Orders.

20 | 68.    Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were
21 | entitled upon termination to timely payment of all wages earned and unpaid prior to termination.
22 | Discharged Class Members were entitled to payment of all wages earned and unpaid prior to
23 | discharge immediately upon termination. Class Members who resigned were entitled to payment
24 | of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation
25 | or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and
26 | unpaid at the time of resignation.

27 | 69.    Plaintiff is informed and believes, and based thereon alleges, that in the three (3)
28 | years before the filing of the Complaint in this Action through the present, Defendants, due to the

<div align="center">18</div>
<div align="center">CLASS ACTION COMPLAINT</div>

<div align="right">**EXHIBIT A**</div>

1 | failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class
2 | Members all wages earned prior to resignation or termination in accordance with Labor Code
3 | sections 201 or 202.

4 | 70.        Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and
5 | Class Members all wages earned prior to termination or resignation in accordance with Labor Code
6 | sections 201 and 202 was willful.  Defendants had the ability to pay all wages earned by Plaintiff
7 | and Class Members at the time of termination in accordance with Labor Code sections 201 and 202,
8 | but intentionally adopted policies or practices incompatible with the requirements of Labor Code
9 | sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination
10 | or resignation.

11 | 71.        Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to
12 | waiting time penalties from the date their earned and unpaid wages were due, upon termination or
13 | resignation, until paid, up to a maximum of thirty (30) days.

14 | 72.        As a result of Defendants' unlawful conduct, Plaintiff and Class Members have
15 | suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned
16 | prior to termination or resignation.

17 | 73.        Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections
18 | 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover
19 | waiting time penalties, interest, and their costs of suit, as well.

20 | **SIXTH CAUSE OF ACTION**

21 | **(Failure to Provide Accurate Wage Statements – Against All Defendants)**

22 | 74.        Plaintiff realleges and incorporates by reference all of the allegations contained in
23 | the preceding paragraphs as though fully set forth hereat.

24 | 75.        At all relevant times, Plaintiff and Class Members were employees or former
25 | employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

26 | 76.        Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members
27 | were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized
28 | statement that accurately reflects, among other things, gross wages earned; total hours worked; net

19

EXHIBIT A

wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, among other things.

77.     Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; among other things.

78.     Defendants' failure to, at times, provide Plaintiff and Class Members with accurate wage statements was knowing, intentional, and willful.  Defendants had the ability to provide Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

79.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered injury.  The absence of accurate information on Class Members' wage statements at times has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies, among other things.

80.     Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee.

81.     Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees, and costs of suit.

EXHIBIT A

**SEVENTH CAUSE OF ACTION**

**(Failure to Timely Pay Wages During Employment – Against All Defendants)**

82.     Plaintiff realleges each and every allegation set forth in the preceding paragraphs and incorporate each by reference as though fully set forth hereat.

83.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 204 and applicable Wage Orders.

84.     Labor Code section 204 provides that "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

85.     Labor Code section 210, subdivision (a) states that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

86.     Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants employed policies and practices that resulted in, at times, not paying Plaintiff and Class Members in accordance with Labor Code section 204.

87.     Pursuant to Labor Code section 210, Plaintiff and Class Members are entitled to recover penalties for Defendants' violations of Labor Code section 204, in the amount of one hundred dollars ($100) for each initial violation per Class Member, and two hundred dollars ($200) for each subsequent violation in connection with each payment that was made in violation of Labor Code section 204 per Class Member, plus 25 percent of the amount unlawfully withheld.

88.     Pursuant to Labor Code section 218.6, Code of Civil Procedure sections 1021.5 and

21

CLASS ACTION COMPLAINT

EXHIBIT A

1  1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recovery of penalties,

2  interest, and their costs of suit, as well.

3  <center>**EIGHTH CAUSE OF ACTION**</center>

4  <center>**(Violation of Labor Code § 2802 – Against All Defendants)**</center>

5  89.    Plaintiff realleges and incorporates by reference all of the allegations contained in

6  the preceding paragraphs as though fully set forth hereat.

7  90.    At all relevant times, Plaintiff and Class Members were employees or former

8  employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

9  91.    Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify

10  his or her employee for all necessary expenditures or losses incurred by the employee in direct

11  consequence of the discharge of his or her duties . . ."

12  92.    For three (3) years prior to the filing of the Complaint in this Action through the

13  present, Defendants required Plaintiff and Class Members, or some of them, to incur, at times,

14  necessary expenditures or losses in direct consequence of the discharge of their duties or at the

15  obedience to the directions of Defendants that included, without limitation: purchasing and/or

16  providing unreturned deposits for mandatory work uniforms and parking; parking costs in addition

17  to parking deposits (i.e., monthly parking fees were deducted from Class Members' paychecks);

18  personal protective equipment; laundering mandatory work uniforms; using cellular phones for

19  work-related purposes; and purchasing tools and equipment (e.g., *inter alia*, kitchen knives and

20  cleaning supplies) necessary to perform work duties.

21  93.    During that time period, Plaintiff is informed and believes, and based thereon alleges

22  that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiff sand

23  Class Members for those losses and/or expenditures.

24  94.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

25  suffered damages in an amount subject to proof, to the extent they were not reimbursed for the

26  herein-described losses and/or expenditures.

27  95.    Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and

28  1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover

<center>22</center>
<center>CLASS ACTION COMPLAINT</center>

<center>**EXHIBIT A**</center>

1  reimbursement for their herein-described losses and/or expenditures, reasonable attorneys' fees and

2  costs of suit.

3  ### NINTH CAUSE OF ACTION

4  **(Violation of Labor Code § 404 – Against All Defendants)**

5  96. Plaintiff realleges and incorporates by reference all of the allegations contained in

6  the preceding paragraphs as though fully set forth herein.

7  97. At all relevant times, Plaintiff and Class Members were employees or former

8  employees of Defendants covered by Labor Code sections 400 through 410.

9  98. Pursuant to Labor Code section 404, Defendants were required to immediately return

10  amounts deposited for uniforms and parking with accrued interest when Plaintiff and Class Members

11  returned the required uniforms and parking to Defendants.

12  99. Plaintiff is informed and believes, and based thereon alleges that for three (3) years

13  prior to the filing of this Action through the present, due to policies and practices adopted by

14  Defendants, Defendants violated Labor Code section 404 by failing to, at times, immediately return

15  accrued interest on deposits made by Plaintiff and Class Members upon their returning their

16  uniforms to Defendants and stopping the use of monthly and/or daily parking.

17  100. As a result of Defendants' conduct, Plaintiff and Class Members have suffered

18  damages in an amount subject to proof, to the extent they were not compensated for accrued interest

19  on amounts deposited for mandatory uniforms and parking upon returning their uniforms to

20  Defendants and stopping the use of monthly and/or daily parking.

21  101. Pursuant to Labor Code sections 218, 218.5, and 404, Plaintiff and Class Members

22  are entitled to recover their unpaid accrued interest on uniform and parking deposits, reasonable

23  attorney's fees and costs of suit.

24  ### TENTH CAUSE OF ACTION

25  **(Violation of Labor Code § 227.3 – Against All Defendants**

26  102. Plaintiff re-alleges and incorporates by reference all of the allegations contained in

27  the preceding paragraphs of this Complaint as though fully set forth hereon.

28  103. According to Labor Code section 227.3, whenever a contract of employment or

23

**EXHIBIT A**

1 employer policy provides for paid vacations, and an employee is terminated without having taken
2 off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in
3 accordance with such contract of employment or employer policy respecting eligibility or time
4 served.

5     104.        Plaintiff is informed and believes, and based thereon alleges that, at all times relevant
6 hereto, Defendants promulgated and maintained a uniform policy providing for paid vacations, and
7 that Plaintiff's employment contract with Defendants included paid vacations.

8     105.        For at least four (4) years prior to the filing of this action and continuing to the
9 present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated
10 employees or former employees within the State of California with compensation at their final rate
11 of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

12     106.        As a proximate result of Defendants' failure to pay vested vacation at the final rate
13 of Plaintiff and Class Members upon their resignation or termination, Defendants violated Labor
14 Code section 227.3, entitling Plaintiff and Class Members to all vested and unused vacation pay at
15 their final rate of pay, as set out in Defendants' policy or the contract of employment between
16 Plaintiff and Class Members, on the one hand, and Defendants, on the other hand.

17     107.        As a further proximate result of Defendants' above-described acts and/or omissions,
18 Plaintiff and Class Members are entitled to recover reasonable attorneys' fees, costs of suit and
19 prejudgment interest.

20 **ELEVENTH CAUSE OF ACTION**

21 **(Unfair Competition – Against All Defendants)**

22     108.        Plaintiff realleges and incorporates by reference all of the allegations contained in
23 the preceding paragraphs as though fully set forth hereat.

24     109.        Plaintiff is informed and believes and based thereon alleges that the unlawful conduct
25 of Defendants alleged herein constitutes unfair competition within the meaning of Business and
26 Professions Code section 17200. Plaintiff is further informed and believes and based thereon alleges
27 that in addition to the unlawful conduct of Defendants alleged in the preceding paragraphs, for at
28 least four (4) years prior to the filing of this action and continuing to the present, Defendants have

EXHIBIT A

1  had a consistent policy of failing to provide Plaintiff and similarly situated employees or former

2  employees within the State of California with the rights provided to them under the Healthy

3  Workplace Heathy Families Act of 2014, codified at Labor Code section 245, *et seq.*  Due to their

4  unlawful business practices in violation of the Labor Code, Defendants have gained a competitive

5  advantage over other comparable companies doing business in the State of California that comply

6  with their obligations to compensate employees in accordance with the Labor Code.

7      110.      As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class

8  Members have suffered injury in fact and lost money or property.

9      111.      Pursuant to Business and Professions Code section 17203, Plaintiff and Class

10  Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor

11  Code and requiring the establishment of appropriate and effective means to prevent further

12  violations, as well as restitution of all wages and other monies owed to them under the Labor Code,

13  including interest thereon, in which they had a property interest and which Defendants nevertheless

14  failed to pay them and instead withheld and retained for themselves.  Restitution of the money owed

15  to Plaintiff and Class Members is necessary to prevent Defendants from becoming unjustly enriched

16  by their failure to comply with the Labor Code.

17      112.      Plaintiff and Class Members are entitled to costs of suit under Code of Civil

18  Procedure section 1032 and interest under Civil Code section 3287.

19                      **DEMAND FOR JURY TRIAL**

20      113.      Plaintiff demands a trial by jury on all causes of action contained herein.

21                              **PRAYER**

22      WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment

23  against Defendants as follows:

24      A.      An order certifying this case as a Class Action;

25      B.      An Order appointing Plaintiff as Class representative and appointing Plaintiff's

26              counsel as class counsel;

27      C.      Damages for all wages earned and owed, including minimum and overtime wages

28              and unpaid wages for vested vacation time, under Labor Code sections 227.3, 351,

EXHIBIT A

1   510, 558.1, 1194, 1197 and 1199 and 227.3;

2   D.   Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;

3   E.   Damages for unpaid premium wages from missed meal and rest periods under,

4        among other Labor Code sections, 512, 558.1 and 226.7;

5   F.   Penalties for inaccurate wage statements under Labor Code sections 226,

6        subdivision I and 558.1;

7   G.   Waiting time penalties under Labor Code sections 203 and 558.1;

8   H.   Penalties to timely pay wages under Labor Code section 210;

9   I.   Damages under Labor Code sections 2802 and 558.1;

10  J.   Damages under Labor Code section 404;

11  K.   Preliminary and permanent injunctions prohibiting Defendants from further

12       violating the California Labor Code and requiring the establishment of appropriate

13       and effective means to prevent future violations;

14  L.   Restitution of wages and benefits due which were acquired by means of any unfair

15       business practice, according to proof;

16  M.   Prejudgment and post-judgment interest at the maximum rate allowed by law;

17  N.   For attorneys' fees in prosecuting this action;

18  O.   For costs of suit incurred herein; and

19  P.   For such other and further relief as the Court deems just and proper.

20

21  Dated:  July 20, 2023                    J. GILL LAW GROUP, P.C.

22

23                                  BY:  _____/s/ Jasmin K. Gill_____
                                         JASMIN K. GILL
24                                       SACHA POMARES
                                         Attorneys for Plaintiff, JESUS
25                                       OROZCO, as an individual and on
                                         behalf of all others similarly situated
26

27

28

EXHIBIT A